Ricciardone, David, J.
INTRODUCTION
The parties have moved to transfer this case to the Business Litigation Session of the Suffolk Superior Court (“BLS”), claiming that it involves complex legal issues and the need for substantial case management. For reasons that follow, this motion is DENIED.
DISCUSSION
1. The Standard
In general, when a party seeks to have a case accepted into the BLS, it has to articulate reasons why it belongs there, with the ultimate determination reserved to the discretion of the BLS Administrative Justice, “based principally on the complexity of the case and the need for substantial case management.” Superior Court Administrative Directive No. 09-1 (“the Directive”). Where, as here, the case has been filed in another county, a motion to transfer the case to the BLS may succeed “only with the approval of, first, the judge in the Time Standards Session and, second, the BLS Administrative Justice.” Id. The Directive does not carve out an exception to this procedure in a case where the motion is assented to by the parties.
2. The Claims in this Litigation
The plaintiff won a judgment of over four million dollars in the underlying class action brought in the U.S. District Court (Eastern District of Michigan) against a business known as Anesthetic Vaporizer Services, Inc. (“Anesthetic”) for violating federal law prohibiting unsolicited faxes. The plaintiff has now sued Anesthetic’s Worcester-based insurance company for indemnification and “bad faith” in denying coverage.
While the two counts of the complaint here do fall within the enumerated actions of the Directive allowing for possible inclusion in the BLS, the parties have *364 failed to make a showing that the complexity of its issues, and its management needs, exceed those of insurance coverage cases and “bad faith” claims (e.g., 93A/176D actions) that this court oversees on a regular basis. The fact that the claims here will entail some level of complexity, even a significant one, does not justify their transfer.
CONCLUSION AND ORDER
Because this court is not persuaded that this matter presents the requisite complexity and management needs that compel a transfer to the BLS, this motion is DENIED.
This case is to remain in this session subject to its current “Average” track designation and deadlines, pending further order of the court.